## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | |
|---|---|
| MARION MARCELLUS CHAPMAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:23-CV-00069 JMB |
| CLAY STANTON, et al., | ) |
| Defendants. | ) |

### OPINION, MEMORANDUM AND ORDER

Before the Court is the motion of plaintiff Marion Chapman, a prisoner, for leave to proceed in forma pauperis in this civil action. Having reviewed the motion and financial information, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will dismiss this action at this time. See 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a *certified* prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a *certified* copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare

2

recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**Background**

The following information is relevant to the claims plaintiff raises in the complaint. The information is taken from public records published on Missouri Case.net in plaintiff's Missouri State criminal case, *State v. Chapman,* No. 0816-CR04775-01 (16th Jud. Cir., Jackson County Court). This Court takes judicial notice of these public state records. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007).

In September of 2008, plaintiff was charged by indictment with murder in the second degree and armed criminal action. Ms. Theresa Crayon was the prosecuting attorney in plaintiff's criminal action in Jackson County Court. The Honorable Judge Charles E. Atwell presided over plaintiff's criminal trial which began on February 8, 2010. A jury found plaintiff guilty of the charges after a trial on the merits. However, because prior to the trial plaintiff submitted a written request that the Court, not the jury, declare punishment, Judge Atwell found plaintiff to be a prior

-

and persistent offender and sentenced plaintiff on April 9, 2010, to a total term of imprisonment of thirty (30) years in the Missouri Department of Corrections.

Plaintiff's convictions and sentences were affirmed on appeal. *See State v. Chapman*, WD72368 (Mo. Ct. App. 2011). Plaintiff's motion for post-conviction relief was denied on October 11, 2012. *See State v. Chapman*, No. 1016-CV13190 (16th Jud. Cir., Jackson County Court). And the denial of the post-conviction motion was affirmed on appeal in June of 2014. *See State v. Chapman*, WD75844 (Mo. Ct. App. 2014).

Plaintiff filed an application for writ of habeas corpus in Jackson County Court on April 12, 2023, in which he sought to expunge a "prior record of possession of a controlled substance" of marijuana/synthetic cannabinoid. *See Chapman v. State*, No. 2316-CV-10644 (16th Jud. Cir., Jackson County Court). In his petition he asserted that he had committed the crime in Missouri when he was 17-years-old. This crime, along with a conviction for attempted robbery that he committed in 1994 and a conviction for assault in the third degree in 1995, had allowed Judge Atwell to find him a prior and persistent offender in *State v. Chapman,* No. 0816-CR04775-01. On November 13, 2023, the Honorable Judge Jalilah Otto, Circuit Judge in Jackson County, denied plaintiff's request for expungement of his possession of controlled substance charge. The Court stated:

> UPON FULL REVIEW, the records in cause numbers 0816-CR04775-01 involve offenses that are not eligible for expungement pursuant to Amendment 3 of the Missouri Constitution
>
> THEREFORE, IT IS ORDERED, that this civil action is hereby DISMISSED in its entirety.
>
> If Petitioner wishes to file a Petition for Expungement of his conviction in 0816-CR04775-01, he will need to (1)-file a Petition for Expungement, (2)-pay the related fees and (3)-serve the appropriate parties.

*Id*.

On January 23, 2024, *see* ECF No. 6, plaintiff filed a supplement to his complaint, consisting of a letter from Gay Fife, Records Officer at the Missouri Department of Corrections regarding plaintiff's prior felony convictions in Missouri, as well as his prior commitments in the Missouri Department of Corrections. The letter indicates:

> Per the transcripts that offender Chapman provided to the Records Office, the courts had determined that he has four felony convictions. The amount of convictions is not the same as prior commitments. The Department of Corrections cannot reduce his amount of felony convictions as this was based upon his criminal history. The courts then take the amount of felony convictions to determine how long of a sentence he must receive based upon the number of felony conviction (not prior commitments under § 558.019 RSMo.
>
> According to his criminal history, he has the following felony convictions:
>
> | | |
> |---|---|
> | CR94-6107 | Attempted Robbery 1st Degree |
> | CR2022-04975 | Domestic Assault 2nd Degree |
> | CR2002-04975 | Endanger Welfare of a child |
> | CR2003-00751 | Domestic Assault 2nd Degree |
>
> . . .
>
> Offender Chapman has two prior commitments, based upon 558.019 RSMo to the Department of Corrections.
>
> | | | |
> |---|---|---|
> | 1st Commitment | CR94-6107 | Received on 03-17-1997 |
> | 2nd Commitment | CR2002-04975 | Received on 05-13-2003 |
> | | CR2003-00751 | Received on 05-13-2003 |
> | 3rd Commitment | 0816-CR04775-01 | Received on 04-12-2010 |

ECF No. 6.

Plaintiff filed an application for writ of habeas corpus in Jackson County Court on May 16, 2023, in which he sought to expunge his 1994 robbery conviction and his 1995 assault conviction. *See Chapman v. State*, No. 2316-CV-13066 (16th Jud. Cir., Jackson County Court). In his petition he asserted that he had committed these crimes when he was 17-years-old and the jurisdiction over the crimes should have been under the juvenile court. These crimes, along with a conviction for possession of marijuana, which he also had when he was 17-years-old, had allowed Judge Atwell

to find him a prior and persistent offender in *State v. Chapman,* No. 0816-CR04775-01. On June 21, 2023, the Honorable Judge Mary Frances Weir, Circuit Judge in Jackson County, dismissed the action due to failure to prosecute.

At present, plaintiff is incarcerated at Northeast Correctional Center.

## The Complaint

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 against Judge Jalilah Otto, a Circuit Judge in Jackson County, Jackson County Prosecutor Theresa Crayon and Warden Clay Stanton. Although plaintiff does not denote Circuit Judge Charles Atwell as a defendant in this action, he brings allegations against him in the body of his complaint.

Plaintiff alleges that Prosecutor Theresa Crayon, the prosecutor in his criminal action, "kept telling the jury to find Mr. Chapman guilty based on he's been in trouble since he was 17 years old juvenile." He takes issue with Judge Atwell for finding him a prior and persistent offender at his sentencing in his 2010 criminal trial.

He claims that Judge Jalilah Otto "created a conflict of interest when she dismissed Mr. Chapman's petition for expungement of his criminal case when he was a 17-year-old juvenile." Plaintiff appears to insinuate that Judge Otto worked as a prosecutor in his criminal proceedings in *State v. Chapman,* No. 0816-CR04775-01, and thus, she should not have presided over his request to expunge a previous criminal case that he brought in 2023. However, the Court has reviewed the court proceedings in his criminal action and not found any indication that Judge Otto was involved in plaintiff's criminal action, as either a lawyer (prosecutor or public defender) or a judge.

Plaintiff generally complains that if he had not been found to be a prior and persistent offender by Judge Atwell prior to sentencing in *State v. Chapman*, No. 0816-CR04775-01, he

6

would not still be held in the Missouri Department of Corrections. He asserts that because he has been denoted as a prior and persistent offender, he was given a thirty (30) year sentence and the Missouri Board of Probation and Parole has insisted he serve 85% of that sentence. This requires that he serve his sentence until May of 2027. Plaintiff believes he should be released from prison earlier because he has "served more time than he should have."

For relief in this action, plaintiff seeks $15 million dollars and appears to ask this Court to change, overrule, or otherwise disturb a decision of the Missouri Circuit Court in *State v. Chapman,* No. 0816-CR04775-01.

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

For the reasons explained below, the Court finds that plaintiff's claims in this action relative to any findings made in his 2010 criminal trial are subject to dismissal because they are barred by *Heck v. Humphrey.* Even if *Heck* did not apply to those claims, all claims relating to his 2010 criminal trial would be subject to dismissal because it is apparent from the face of the complaint that the statute of limitations has run as to those claims, *i.e.*, those relating to the holding by Judge Atwell that he was a prior and persistent offender and/or any claims against Prosecutor Theresa Otto. Additionally, plaintiff has failed to set forth any claims against Warden Clay Stanton, and as such, he cannot sustain any claims in this action against him. Last, any claims brought against Judge Jalilah Otto are barred by judicial immunity.

7

**A. Plaintiff's Claims Against Warden Stanton**

Although plaintiff names Warden Clay Stanton as a defendant in the caption of his complaint, he has failed to articulate any allegations against defendant Stanton in the body of his complaint. Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights); and *Love v. Schoffman*, 142 Fed. Appx. 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint, among other infirmities, "did not specify which of the many named defendants was responsible for each of the alleged harms"). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). Because plaintiff has failed to articulate any claims against Warden Stanton, his allegations against defendant Stanton are subject to dismissal.

**B. *Heck v. Humphrey,* 512 U.S. 477 (1994)**

Plaintiff brings claims in this lawsuit seeking to overturn the holding by Judge Atwell in his 2010 criminal trial that he was a prior and persistent offender. He also brings claims against Prosecutor Theresa Crayon insisting that she made false claims of his guilt to the jury stating that he had been in trouble since he was 17-years-old.

These allegations are based on defendants' purported wrongdoing in the matter *State v. Chapman,* No. 0816-CR04775-01, and it appears that plaintiff seeks to hold the defendants liable for causing him to be wrongfully arrested, convicted, and sentenced to prison as a prior and persistent offender in 2010.

The Supreme Court has held that a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his convictions, sentences, or continued imprisonment unless the convictions or sentences have been reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87; *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). In this case, ruling in plaintiff's favor on these claims would necessarily imply the invalidity of his criminal convictions or sentences. Plaintiff does not aver, nor does it appear, that his convictions or sentences have been reversed, expunged, or called into question by the issuance of a writ of habeas corpus. Therefore, the Court concludes that these claims are barred by *Heck v. Humphrey,* 512 U.S. 477.

### C. Statute of Limitations

Similarly, the claims relating to plaintiff's 2010 conviction are also time-barred. Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. *See Sulik v. Taney County, Mo*., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). Here, it is clear from the face of the complaint that plaintiff instituted this action well after the expiration of the five-year statute of limitations. Therefore, plaintiff's claims relating to his 2010 conviction and the finding that he was a prior and persistent offender are subject to dismissal because they are untimely. *See Myers v. Vogal,* 960 F.2d 750, 751 (8th Cir. 1992) (per curiam) (district court may properly dismiss complaint when it is apparent that statute of limitations has run).

### D. Judges Atwell and Otto

Plaintiff sues two Jackson County Judges in this action, Judges Charles Atwell and Jalilah Otto. These judges are immune from suit and plaintiff cannot sustain claims against them.

Because judicial officers should be free to act upon their own convictions when exercising the authority vested in them, judicial immunity immunizes them from suit. *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). There are some situations in which judicial immunity does not apply. Judicial immunity does not apply to non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir.1982). Additionally, judicial immunity does not apply to actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462.

In this case, plaintiff does not accuse Judges Atwell or Otto of taking any non-judicial action, and he does not assert, nor does it appear, that either judge acted in the complete absence of jurisdiction. Accordingly, Judges Atwell and Otto are immune from suit. Allegations of improper motive do not save plaintiff's claims. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) ("judicial immunity is not overcome by allegations of bad faith or malice").

### E. Prosecuting Attorney Theresa Crayon

Plaintiff's allegations against Theresa Crayon fail because they are based on actions she took while initiating and pursuing a criminal prosecution and representing the State of Missouri and Jackson County during trial. Prosecutor Crayon is therefore immune from allegations relating to such claims. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity

covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (same). Allegations of improper motive do not save plaintiff's claims. *See Imbler*, 424 U.S. at 427-28 (there is no fraud exception to prosecutorial immunity); *see also Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) (a prosecutor is immune from suit even if he knowingly presents false, misleading or perjured testimony, or withholds or suppresses exculpatory evidence).

## Conclusion

Having thoroughly reviewed and liberally construed the Complaint, the Court finds that Plaintiff's claims are subject to dismissal based on the aforementioned analysis. The Court can envision no amendment to the complaint that would cause it to state a valid claim for relief. Therefore, the Court will dismiss this action at this time, without prejudice. The Court will also deny as moot plaintiff's motion seeking the appointment of counsel, *see* ECF No. 4.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that plaintiff's request for issuance of summons [ECF No. 7] is **DENIED AS MOOT**.

**IT IS HEREBY CERTIFIED** that an appeal from this Order of Dismissal would not be taken in good faith.

Dated this 26th day of April, 2024

                                              HENRY EDWARD AUTREY
                                     UNITED STATES DISTRICT JUDGE